ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

AUG - 1 2011

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARQUES CARTER )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>)<br>WILLIAMS & FUDGE, INC., )<br>ROBERT PERRIN, DAVID WILLIAMS )<br>AND GARY WILLIAMS )<br>)<br>Defendants. )<br>_____ ) | CIVIL ACTION<br>FILE NO.<br><br>1:11-CV-2538 |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq* and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendants transact business in this district.

## PARTIES

4. Plaintiff, Marques Carter ("Plaintiff"), is a natural person who at all relevant times resided in the State of Georgia, County of Douglas, and City of Douglasville.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Williams & Fudge, Inc. ("W&F") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendants Robert Perrin ("Perrin"), Gary Williams ("GW") and David Williams ("DW") are individuals who at all relevant times were engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

8. Upon information and belief, Perrin, GW and DW were:

   a. regularly engaged, directly and indirectly, in the collection of Plaintiff's debt;

   b. personally involved in the collection of Plaintiff's debt;

   c. materially involved in the collection of Plaintiff's debt;

   d. materially participated in Williams & Fudge, Inc.'s debt collection activities;

  e. were involved in the day-to-day operations of Williams & Fudge, Inc.'s debt collection business; and/or,

  f. exercised control over the affairs of Williams & Fudge, Inc.'s debt collection business.

9.  "Employees can be held personally liable under the FDCPA." *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051, 1059 (C.D. Cal. 2009); see *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008).

10.  Furthermore, "most district courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, or directors from personal liability under the FDCPA." *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008); see *Kistner v. Law Offices of Michael P. Margelefsky, L.L.C.*, 518 F.3d 433, 437-38 (6th Cir. 2008); *del Campo v. Kennedy*, 491 F. Supp. 2d 891, 903 (N.D.Cal.2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F.Supp.2d 615, 618-21 (D. Utah 2005); *Albanese v. Portnoff Law Assocs., Ltd.*, 301 F. Supp. 2d 389, 400 (E.D. Pa. 2004); *Musso v. Seiders*, 194 F.R.D. 43, 46-47 (D.Conn.1999); *Brink v. First Credit Res.*, 57 F. Supp. 2d 848, 861-62 (D. Ariz. 1999); *Pikes v. Riddle*, 38 F. Supp. 2d 639, 640 (N.D. Ill. 1998); *Ditty v. CheckRite, Ltd.*, 973 F. Supp. 1320, 1337-38 (D. Utah

1997); *Newman v. Checkrite Cal., Inc.*, 912 F. Supp. 1354, 1372 (E.D. Cal.1995); *Teng v. Metro. Retail Recovery Inc.*, 851 F. Supp. 61, 67 (E.D. N.Y. 1994).

11. Williams & Fudge, Inc., Robert Perrin, David Williams and Gary Williams ("Defendants") are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

12. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

13. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arise from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

14. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

15. In connection with the collection of an alleged debt, Defendants received written communication from Plaintiff via fax on April 6, 2011 at 2:27

P.M. notifying Defendants to cease and desist all communication with Plaintiff.

16. However, Defendants continued to communicate with Plaintiff, including, but not limited to, causing Plaintiff's cellular and residential telephone lines to ring repeatedly and continuously on April 12, 2011 at 8:09 P.M., April 12, 2011 at 8:11 P.M. and April 12, 2011 at 8:16 P.M. (15 U.S.C. §§ 1692c(c), 1692d(5)). *See* correspondence attached hereto as Exhibit A.

17. Defendants placed non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system, including, but not limited to, placing a call on April 12, 2011 at 8:09 P.M. (47 U.S.C. 227(b)(1)(A)(iii)).

18. By way of its May 24, 2011 collection letter to Plaintiff, Defendants did communicate with Plaintiff directly after learning that Plaintiff is being represented by counsel (§ 1692c(a)(2).

19. Defendant's actions constitute conduct highly offensive to a reasonable person.

## COUNT I
## DEFENDANT W&F

20. Plaintiff repeats and re-alleges each and every allegation contained above.

21. Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## DEFENDANT PERRIN

22. Plaintiff repeats and re-alleges each and every allegation contained above.

23. Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

g) Adjudging that Defendant violated the FDCPA;

h) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k,

in the amount of $1,000.00;

i) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

j) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

k) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

l) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## DEFENDANT DW

24. Plaintiff repeats and re-alleges each and every allegation contained above.

25. Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

m) Adjudging that Defendant violated the FDCPA;

n) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

o) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

p) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

q) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

r) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## DEFENDANT GW

26. Plaintiff repeats and re-alleges each and every allegation contained above.

27. Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

s) Adjudging that Defendant violated the FDCPA;

t) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

u) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

v) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

w) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

x) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## DEFENDANT W&F

28. Plaintiff repeats and re-alleges each and every allegation contained above.

29. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## TRIAL BY JURY

30.      Plaintiff is entitled to and hereby demands a trial by jury.

This 27 day of July, 2011.

                                    ATTORNEYS FOR PLAINTIFF
                                    MARQUES CARTER

                                    Respectfully submitted,

                                    _____
                                    Craig J. Ehrlich
                                    Georgia Bar No. 242240
                                    WEISBERG & MEYERS, LLC
                                    5025 N. Central Ave. #602
                                    Phoenix, AZ 85012
                                    (888) 595-9111 ext. 250
                                    (866) 842-3303 (fax)
                                    cehrlich@attorneysforconsumers.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Time New Roman and a point size of 14.

Respectfully submitted,

Craig J. Ehrlich
Georgia Bar No. 242240
WEISBERG & MEYERS, LLC
5025 N. Central Ave. #602
Phoenix, AZ 85012
(888) 595-9111 ext. 250
(866) 842-3303 (fax)
cehrlich@attorneysforconsumers.com